IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **Onward Technologies, Inc.**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**HAMILTON SCIENTIFIC, LLC,**<br>a Wisconsin Limited Liability Company;<br>**OPENGATE CAPITAL, LLC,**<br>a California Limited Liability Company;<br>**REALIZATION SERVICES, INC.**<br>a New York Corporation;<br>**Cortney Schaefer, an Individual;**<br>**Barry Kasoff, an Individual;**<br>**Jack Roberts, an Individual;**<br>**and DOES 1 through 10 inclusive,**<br><br>      **Defendants.** | Case No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR BREACH OF CONTRACT

        Plaintiff, Onward Technologies, Inc., by its attorneys BOLLENBECK FYFE, S.C. for its Complaint for Breach of Contract against Defendants, Hamilton Scientific, LLC, a Wisconsin limited liability company; OpenGate Capital, LLC, a California limited liability company; Realization Services, Inc., a New York corporation; Cortney Schaefer, an individual; Barry Kasoff, an individual; Jack Roberts, an individual; and Does 1 through 10 inclusive, states as follows:

### PARTIES

      1.     Upon information and belief, OpenGate Capital, LLC and Realization Services, Inc., both of diverse jurisdiction than the Plaintiff, are Hamilton Scientific, LLC's alter egos, and as such are liable for all the claims and judgments against Hamilton Scientific, LLC, pursuant to the terms of Agreement.

1

2. Upon information and belief, the relationship amongst OpenGate Capital, LLC, Realization Services, Inc. and Hamilton Scientific is characterized by their merging of operations, interrelation of management, common managers, centralized decision making, and furthermore, by the continuance of Hamilton Scientific, LLC's operation and management by individuals from OpenGate Capital, LLC and Realization Services, Inc. such that they are the alter ego of Hamilton Scientific, LLC.

3. Upon information and belief, Defendants Cortney Schaefer, Barry Kasoff, and Jack Roberts, all individuals of diverse jurisdiction than the Plaintiff, are/ or were intimately involved with the operation, management, and are decision makers regarding the causes of actions detailed herein.

4. Plaintiff is ignorant of the true names and capacities of any of the Defendants sued herein fictitiously as DOES 1 to 10, inclusive. As and when Plaintiff ascertains the true identities and capacities of any of the DOE Defendants, Plaintiff will seek leave of this Court to amend the Complaint accordingly, to allege DOE Defendants' true name and capacity.

5. Upon information and belief, Plaintiff also alleges, that, at all times mentioned herein, all of the acts done by the Defendants and those sued herein as DOES 1 through 10, inclusive, were so done at the specific instance and request of one or more of the other Defendants and therefore Defendants are collectively responsible in some manner or other for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct, jointly or individually.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter under 28 U.S.C. §1332, as the Plaintiff's state of citizenship, Illinois, is diverse from those of the defendant, and the amounts in controversy exceeds $100,000, exclusive of interests and costs.

7.   Venue is proper here pursuant to 28 U.S.C. §1391 because the defendant, Hamilton Scientific, LLC's principal address is in the district, and it has transacted substantial business in the district, and the primary contract between parties stipulate to this Court's jurisdiction.

8.   Additionally, the amount in controversy exceeds the minimal jurisdictional amount of this Court, for which amount at least totaling Three Hundred and Thirteen Thousand Dollars ($313,000.00), Plaintiff now sues.

## COUNT 1
### BREACH OF CONTRACT

9.   On February 6th, 2007, Hamilton Scientific, LLC (Formerly Fisher Hamilton, L.L.C.) executed a "Master Independent Contractor Agreement" ("Agreement") with Onward Technologies, Inc. A copy of the Agreement and all subsequent addendums thereto is attached as Exhibit A.

10.   The Agreement called for Plaintiff to provide certain mechanical engineering design services to Hamilton Scientific, LLC.

11.   In exchange for those services, Hamilton Scientific, LLC agreed to provide payments.

12.   Plaintiff provided those services and has performed all other obligations as required by the Agreement.

13.   Despite due and proper demand, Defendants, refused, and continue to refuse, without legal justification or privilege, to provide the money due and owed to Plaintiff and therefore are in material breach of the Agreement.

14.   Plaintiff has suffered damages of at least Three Hundred and Thirteen Thousand Dollars ($313,000.00) as the amount owed for services provided and additional amounts as direct

3

and proximate result of the Defendant's breach of the Agreement in an amount to be established by proof at the time of the trial.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. For compensatory damages, incidental damages, and other damages as established by proof at the time of trial;

B. For Plaintiff's attorneys' fees and costs as allowed by the law; and

C. For such other and further relief as the Court deems just and proper.

Dated this 8th day of July, 2015.

s/Andrew Wagener
(State Bar No. 1032494)
BOLLENBECK FYFE, S.C.
W6260 Communication Court
Appleton, WI 54914
Phone: (920) 735-1711
Fax: (920) 735-1710
wagener@bwsf.biz

*Attorneys for Plaintiff, Onward Technologies, Inc.*